UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
KRISTA MAYES,

Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
---------------------------------------------------------x

**ORDER**

25 Civ. 739 (VMS)

**Vera M. Scanlon, United States Magistrate Judge**

Before the Court is Plaintiff's counsel's motion for $16,845.75 in attorneys' fees, pursuant to 42 U.S.C. § 406(b)(1). See ECF No. 20. This amount represents twenty-five percent of Plaintiff's past-due benefits. See ECF No. 20-1 at 1-2. The motion follows this Court's remand of Plaintiff's appeal for benefits from the Social Security Administration ("SSA") and a later favorable administrative decision awarding $67,383.00 in past-due benefits to Plaintiff. See ECF No. 17; ECF No. 20-1 at 1. The Commissioner takes no position on the motion. See ECF No. 22 at 1. For the reasons set forth below, the motion is granted.

## I. BACKGROUND

On June 28, 2022, Plaintiff filed Title II and Title XVI applications for disability insurance and supplemental security income benefits with an alleged onset date of May 13, 2022. See ECF No. 8 at 22. These claims were denied initially on December 1, 2022, and upon reconsideration on June 30, 2023. Id. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on September 23, 2024. Id. On October 9, 2024, ALJ Paul Goodson found that Plaintiff was not disabled. Id. at 29. The Appeals Council denied Plaintiff's request for review on December 13, 2024, making the ALJ's decision final. Id. at 1.

On February 10, 2025, Plaintiff commenced this action seeking review of the Commissioner's denial of her claim for disability benefits. See generally ECF No. 1. On February 21, 2025, the District Court directed Defendant to file the administrative record and ordered Plaintiff to move for judgment on the pleadings. See ECF No. 6. After the administrative transcript and Plaintiff's motion were filed, see ECF Nos. 8-11, 14, on August 19, 2025, the parties jointly moved to remand this action to the SSA, see ECF No. 15. The District Court remanded the case on September 18, 2025. See 9/18/2025 Order. On December 11, 2025, the parties stipulated to an attorneys' fees award of $9,976.91 to Plaintiff, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), see ECF No. 19, which the District Court subsequently entered, see ECF No. 21.

In a May 24, 2026, Notice of Award letter, the SSA advised that Plaintiff was owed past-due benefits of $64,019.00 for November 2022 through April 2026, and that the SSA had withheld $16,004.75 from Plaintiff's past due benefits to pay a possible attorney-fee request. See ECF No. 20-2 at 55. The letter also stated that these benefits might be reduced if Plaintiff received supplemental security income payments. Id. at 53. On June 17, 2026, the SSA sent Plaintiff another Notice of Award letter advising that Plaintiff was due $28,284.23 in supplemental security income payments, but that these funds had been withheld to repay a debt to the New York City Department of Social Services, with any funds left over going first to Plaintiff's representative and then to Plaintiff. Id. at 3.

On July 17, 2026, Plaintiff's counsel filed the instant motion, stating that "Plaintiff was awarded at least $67,383.00 in past-due benefits, and 25% of that amount has been withheld for attorney's fees." See ECF No. 20-1 at 1. In response, the Commissioner confirms that $16,004.75 of Plaintiff's disability insurance benefits has been withheld to pay Plaintiff's

representative. See ECF No. 22 at 2. The Commissioner notes that "the balance of Plaintiff's request ($841.00) appears to refer to a portion of her supplemental security income set aside for the same purpose." Id. On October 27, 2026, the parties filed notice of their consent to have a United States magistrate judge conduct all proceedings in this case. See ECF No. 24. The District Court approved the consent. See ECF No. 25.

## II. LEGAL STANDARD

In connection with Social Security Disability ("SSD") benefits, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Section "406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). "The effect of the provision, which was originally passed in 1965, is threefold: it fixes a maximum percentage for contingent fees of twenty-five percent; it permits recovery of such fees only out of past due benefits; and it requires court approval for whatever amount of such fees should be paid." Fields v. Kijakazi, 24 F.4th 845, 852 (2d Cir. 2022) (internal quotation & alterations omitted).

"When considering a fee application under section 406(b), 'a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly

rate determined under lodestar calculations." Yamile B. S. v. Comm'r of Soc. Sec. Admin., No. 19 Civ. 155 (SALM), 2022 WL 1115099, at *2 (D. Conn. Apr. 14, 2022) (finding the terms of plaintiff's counsel's retainer agreement to be reasonable where the agreement provided that attorneys' fees would amount to no more than 25% of the plaintiff's past-due SSD benefits) (citing & quoting Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)); see Fields, 24 F.4th at 852-53 (holding that the district court may reduce the contingent-fee agreement amount only when it finds the amount to be unreasonable).

Courts should begin by reviewing the contingent-fee agreement, then consider the requested fee for reasonableness. See Gisbrecht, 535 U.S. at 808-09. The Second Circuit has directed courts to consider the following factors: the character of the representation, the results achieved, whether counsel caused delay, whether the requested fee is within the statutory cap, the amount of time counsel spent on the case, counsel's experience, and whether the requested fee would be a windfall. See Fields, 24 F.4th at 853-55; see also Wells v. Sullivan, 907 F.2d 367, 371-72 (2d Cir. 1990).

As to the "windfall" factor, the Second Circuit has made clear that a high effective hourly rate does not, by itself, render a fee unreasonable. See Fields, 24 F. 4th. at 854 (noting a "relatively high de facto hourly rate of $1,556.98" must be viewed in the context of the attorneys' expertise and hours expended, adding that "[i]t would be foolish to punish a firm for its efficiency"). Social Security cases are often handled on a contingency basis, such that counsel risks not receiving a fee at all if the claimant does not obtain SSD benefits. Courts, therefore, must also consider the risk of nonrecovery in assessing a motion for attorneys' fees. See id. at 856. "In the absence of a fixed-fee agreement, payment for an attorney in a social

security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 371.

## III. ANALYSIS

Plaintiff's counsel seeks $16,845.75 in attorneys' fees. See ECF No. 20. This amount represents the statutory maximum of twenty-five percent of Plaintiff's past-due benefits award. See ECF No. 20-1 at 2 ("The maximum fee the Court may award under 42 U.S.C. § 406(b) is $16,845.75. Plaintiff requests approval of a fee of $16,845.75."). Applying the Second Circuit's "guidelines for courts considering this reasonableness analysis" under § 406(b), see Fields, 24 F. 4th. at 849, the Court finds that the requested fees are reasonable. In reaching this conclusion, the Court finds: (1) that the contingency-fee agreement that Plaintiff signed with her counsel supports granting the motion, see ECF No. 20-3; (2) that counsel obtained a very favorable result for Plaintiff, see ECF No. 20-2 at 55; (3) that counsel efficiently and effectively litigated this action, see ECF No. 20-4; and (4) that the requested fee of $16,845.75, which corresponds to an effective hourly rate[1] of $412.38, is reasonable considering Plaintiff's counsel's experience and efficiency, the nature and length of the professional relationship, the outcome achieved and the uncertainty of the contingency-fee representation.

Counsel has already received an EAJA attorneys' fee award of $9,976.91. See ECF No. 21. An attorney cannot recover fees under both EAJA and § 406(d) and must instead "refund the claimant the amount of the smaller fee." Finnegan v. Comm'r of Soc. Sec., No. 21 Civ. 2070 (PKC), 2024 WL 4494088, at *3 (E.D.N.Y. Oct. 15, 2024) (internal citations omitted). Accordingly, upon receiving the § 406(b) award, counsel must promptly refund to Plaintiff the $9,976.91 in EAJA fees already received.

---

[1] $16,845.75 divided by 40.85 hours equals $412.38.

## IV. CONCLUSION

For the foregoing reasons, the Court orders that:

1. Attorneys' fees be granted in the amount of $16,845.75, which represents 25% of the past-due benefits awarded to Plaintiff, and that such fees be paid to Plaintiff's counsel within a reasonable time.
2. Upon receipt of this sum, Plaintiff's counsel is directed to remit $9,976.91 directly to Plaintiff, which represents the EAJA fees previously paid to Plaintiff's counsel in connection with this case. See ECF No. 21.

Dated: Brooklyn, New York
November 2, 2026

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge